FILED
18 SEP 12 PM 12:14
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-20955-2 SEA

HONORABLE MARSHALL FERGUSON
Trial Date: February 10, 2020

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| WILLIAM R. CLAYTON and JILL D. CLAYTON, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>**IMO INDUSTRIES, INC.**, individually and as successor-in-interest to DE LAVAL TURBINE, INC.;<br>**METALCLAD INSULATION LLC**;<br>**METROPOLITAN LIFE INSURANCE COMPANY**;<br>**NORTH COAST ELECTRIC COMPANY**;<br>**SYD CARPENTER, MARINE CONTRACTOR, INC.**; and<br>**COPES-VULCAN, INC.**,<br><br>Defendants. | NO. 18-2-20955-2 SEA<br><br>FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES |

## I. PARTIES

Plaintiffs William R. Clayton and Jill D. Clayton, husband and wife, reside in Maple Valley, Washington.

Defendants and/or their predecessors-in-interest are corporations who, at all times relevant herein, manufactured, sold, distributed, purchased, or maintained on their premises asbestos-containing products or products that were used in conjunction with asbestos.

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES - 1

BERGMAN DRAPER OSLUND
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510

## II. JURISDICTION

This Court has jurisdiction over this cause pursuant to RCW 4.12.025 because, at all times relevant herein, defendants transacted business and/or may be served with process in King County, Washington. This Court has specific jurisdiction over all nonresident defendant named in this cause because each nonresident defendant purposefully performed acts or consummated transactions in Washington state; Plaintiffs' cause of action arises out of and/or relates to defendants' activities and/or transactions in Washington; and assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

## III. FACTS

Plaintiff William R. Clayton (DOB: October 16, 1952) was exposed to asbestos and asbestos-containing products that had been mined, manufactured, produced, and/or placed into the stream of commerce by the defendants. As a direct and proximate result of this exposure, plaintiff William R. Clayton developed mesothelioma. Plaintiffs provide the following information:

| | | |
|---|---|---|
| A. | Specific Disease: | Mesothelioma |
| B. | Date of Diagnosis: | June 2016 |
| C. | Military: | U.S. Navy, 1971 to 1973 |
| D. | Occupation: | Batch man operator; Engineer |
| E. | Places of Exposure: | US Navy aboard the USS Badger (FF-1071) |
| F. | Dates of Exposure: | 1970's |
| G. | Current Address: | 26803 SE 200th Street<br>Maple Valley, WA 98038 |

## IV. LIABILITY

Plaintiffs claim liability based upon the theories of product liability; negligence; premises liability; conspiracy; strict liability for abnormally dangerous activities and any other applicable theory of liability. The liability-creating conduct of defendants consisted, *inter alia*, of negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure to substitute safe products; marketing or installing unreasonably dangerous or extra-hazardous and/or defective products; marketing, maintaining or installing products not reasonably safe as designed; marketing maintaining or installing products not reasonably safe for lack of adequate warning and marketing maintaining or installing products with misrepresentations of product safety.

## V. DAMAGES

As a proximate result of defendants' tortious conduct, plaintiff William R. Clayton sustained pain, suffering, and disability in an amount not now known, but which will be proven at trial. Plaintiff William R. Clayton also sustained medical expenses and economic losses in an amount to be proven at trial. Plaintiff Jill D. Clayton has sustained loss of consortium as a result of William R. Clayton's illness.

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them as follows:

1. For general and special damages specified above, including pain, suffering, loss of spousal relationship, and disability;

2. For medical and related expenses, and economic loss, all of which will be proven at the time of trial;

3. For plaintiffs' costs and disbursements herein;

4. For prejudgment interest in the amount to be proven at trial; and

5. For such other relief as the Court deems just.

DATED this 12th day of September, 2018.

                BERGMAN DRAPER OSLUND, PLLC

By  /s/ Ruby K. Aliment
Ruby K. Aliment, WSBA #51242
821 2nd Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 957-9510
Fax: (206) 957-9549
Email: ruby@bergmanlegal.com
Attorney for Plaintiffs